UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :

CINSEREE JOHNSHON,             :         CASE NO. 1:13-CV-01754
                                                :
           Plaintiff,              :
                                                 :
vs.                                         :         OPINION & ORDER
                                                 :
U.S. MARSHALS SERVICE,        :
                                                 :
           Defendant.            :
                                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On August 12, 2013, plaintiff *pro se* Cinseree Johnson filed this action under 42 U.S.C. § 1983 against the United States Marshals Service, several unidentified United States Marshals, and the United States Department of Justice. In the complaint, plaintiff alleges defendants twice unlawfully arrested her in violation of her right to due process under the Fifth and Fourteenth Amendments. She seeks monetary and injunctive relief. Plaintiff has also filed a motion to proceed *in forma pauperis*. That motion is granted and, for the reasons that follow, this action is dismissed.

**I. Background**

Plaintiff alleges that on May 8, 2013, two unidentified, plainclothes United States Marshals apprehended, chained and handcuffed her in Cleveland, Ohio. The unidentified officers transported her to Bedford Heights, Ohio, where she was transferred to the custody of the Chagrin Falls, Ohio police, who then transported Plaintiff to the Geauga County Safety

Center in Chardon.[1] Plaintiff complains that, at the time of her arrest, the federal officers did not identify themselves, advise her that she was under arrest, read her *Miranda* rights, or tell her where she was being taken.

On August 7, 2013, plaintiff states that these same officers, along with a third unidentified marshal, allegedly detained her at East 93rd Street and Carton Avenue in Cleveland, stating there was a warrant for her arrest. Defendants purportedly discovered, however, after contacting the Geauga County authorities, that there was no warrant for plaintiff's arrest. Plaintiff does not allege that defendants continued to detain her after learning there was no warrant for her arrest.

Based on the forgoing factual allegations, plaintiff asserts defendants violated her due process rights by apprehending her without legal basis and jurisdiction to do so and causing her to be "falsely imprisoned." She seeks an award of $25 million and an order permanently enjoining defendants "to ensure unlawful and unconstitutional acts and practices . . . are eliminated and do not continue to effect Plaintiff[.]"

## II. Law and Analysis

A.   *28 U.S.C. § 1915(e)*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

---

[1] Publicly available Geauga County Court of Common Pleas records indicate that plaintiff was arrested pursuant to a warrant issued by the state court and was charged with one count of theft in violation of Ohio Rev. Code § 2913.02. *See Ohio v. Johnson*, No. 12C000142 (Geauga Cnty. Ct. C.P. filed on Nov. 19, 2012). The charge against plaintiff remains pending in the state court, and a jury trial is scheduled for November 18, 2013. *Id.*

lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* For the reasons stated below, this action is dismissed pursuant to § 1915(e).

B. *Proper Parties*

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957). Claims asserted against United States government officials in their official capacities are construed as claims against the United States. *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 581 (2d Cir. 2000)

(finding that agencies, instrumentalities, and officers of the federal government cannot be sued under antitrust laws); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities).[2]

Plaintiff has sued the United States Marshals Service, the Department of Justice, and several unidentified United States Marshals in their official capacities.[3] Consequently, plaintiff must articulate a cause of action in her complaint for which the United States has waived its sovereign immunity. No such cause of action, however, is apparent on the face of the pleading.

C. *Failure to State a Claim*

Moreover, plaintiff's due process claims are stated solely as legal conclusions and, therefore, the Complaint does not state a valid federal claim for relief against any of the defendants. *Iqbal*, 556 U.S. at 678. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an

---

[2] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

[3] Where a lawsuit challenges official action without providing sufficient notice of an intention to assert a personal capacity claim against government officials or employees, it must be presumed that the government officials or employees are sued in the official capacity only. *See Benson v. O'Brien*, 67 F. Supp. 2d 825, 830 (N.D. Ohio 1999) (citing *Pelfrey v. Chambers,* 43 F.3d 1034, 1037–38 (6th Cir. 1995)).

AsIoinKjKpo

advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Dismissal is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Even given the most liberal construction, the complaint does not contain allegations remotely suggesting plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction.

### III. Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* is granted and this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Dated: November 4, 2013          *s/          James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[4]  28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."